## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLENE HAYES,** | : | |
| **DIANE CONNOR and** | : | |
| **ANTOINE MURRAY** | : | |
| | : | **Civil Action** |
| **Plaintiffs,** | : | |
| | : | **13-1127** |
| **v.** | : | |
| | : | |
| **PRISM CAREER INSTITUTE** | : | |
| | : | |
| **Defendant.** | : | |

## <u>MEMORANDUM</u>

**STENGEL, J.**                                                              **April 10, 2014**

Plaintiffs filed this employment discrimination case on March 4, 2013 alleging violations of Title VII, 42 U.S.C. § 1981 and the Pennsylvania Human Relations Act. Plaintiff Diane Connor also asserts a claim for breach of employment contract. Four days prior to the discovery end date, plaintiffs moved for leave to amend the complaint. I will grant the motion in part.

## I.     BACKGROUND

Prism Career Institute (Prism) is a technical school in Upper Darby, Pennsylvania. At an unspecified time, Prism hired Adrenna Gibson, an African-American woman, as campus director. In that role, Ms. Gibson hired former plaintiff April Andrews and plaintiff Charlene Hayes to fill administrative positions. Ms. Andrews and Ms. Hayes are also African-American.

Ms. Gibson instituted several reforms to ensure Prism met eligibility requirements for federal funding.  Ms. Gibson's efforts met significant resistance.  The friction came to a head when several faculty members accused Ms. Gibson, Ms. Andrews and Ms. Hayes of reverse discrimination.  In response, Prism fired Ms. Gibson and Ms. Andrews.  Prism fired Ms. Hayes five months later.  Prior to her termination, Ms. Gibson promoted plaintiff Diane Connor to head the Early Childhood Education program.  Ms. Connor, who has changed her name to Diane Rhynes in the amended complaint, claims constructive discharge due to the racially hostile work environment which ensued after Ms. Gibson's termination.

This case seemed well positioned to reach settlement.  Ms. Gibson settled her claims during EEOC proceedings and never was a party to this lawsuit.  Ms. Andrews settled her claims following mediation before Magistrate Judge Henry Perkin.  However, at the close of discovery several disputes arose requiring court intervention.[1]  Currently pending is plaintiffs' contested motion for leave to amend which was filed on February 17 – four days before the discovery end date.

Plaintiffs seek to make several changes to their pleadings.  Significantly, the proposed amended complaint adds two new counts.  First, Ms. Rhynes requests leave to insert a charge for violation of the Family Medical Leave Act (FMLA).  Second, Ms.

---

[1] After a January 24 telephone conference with both counsel, I granted defendant's motion to compel responses to written discovery.  On February 21, the discovery end date, I conducted a second telephone conference where I granted the parties 30 more days to take depositions.  It was apparent that plaintiffs served six deposition notices at the eleventh hour; thus, the parties were scrambling to schedule the remaining examinations.  I held a third telephone conference on March 21 in which I granted an additional 60 days to complete depositions.  Finally, on March 24, 2014, Plaintiffs moved for leave to take the deposition of Diane Bowler who is currently serving a federal prison sentence in West Virginia.  This would be the seventh deposition after the discovery end date.  As this deposition may not be necessary, I will delay my ruling on the motion until the parties report their progress on the existing depositions.

Rhynes and Ms. Hayes wish to include a count for discrimination and hostile work environment based on their close association with Ms. Gibson.  Because I find that adding either count would be futile, I will deny plaintiffs' motion with regard to the new causes of action.

Plaintiffs also attempt to add lengthy factual allegations regarding Diane Bowler. Ms. Bowler was the Vice President of Operations at Prism.  She is is currently serving a federal prison sentence after pleading guilty to embezzling over $400,000 from Prism. Plaintiffs theorize that Ms. Bowler feared Ms. Gibson would discover Ms. Bowler's scheme.  Plaintiffs claim that Ms. Bowler fired Ms. Gibson and all employees associated with Ms. Gibson to cover up her crimes.  I find that these facts are immaterial and impertinent and may not be appended to the complaint.

Finally, the amended complaint cleans up Ms. Rhynes' charge of breach of contract and removes pleadings related to Ms. Andrews and former plaintiff Antoine Murray who have voluntarily dismissed their claims.  I will allow these revisions.

## II.    STANDARD OF REVIEW

Since more than 21 days have passed since defendant answered the complaint, plaintiffs may only file an amended complaint by stipulation or with leave of court.  Fed. R. Civ. P. 15(a).  A district court should freely grant leave to amend "when justice so requires."  Id.  Nonetheless, it is within the discretion of a district court to deny a motion for leave to amend upon a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Prism argues that it would be prejudiced by the amended complaint, but I am unpersuaded.  A non-movant claiming prejudice by a proposed amendment has the heavy burden to "show it [would be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [plaintiffs'] amendment[] been timely."  Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981).  Prism argues prejudice solely with regard to Ms. Rhynes' proposed FMLA claim.  Prism contends that the claim will require extensive additional discovery and that it no longer employs the key witnesses, namely Peter Crane and Jeremiah Staropoli.  Prism does not describe what extensive discovery it needs to take. Mr. Staropoli's deposition has been scheduled, yet Prism offers no explanation as to why Mr. Crane cannot be located and deposed as well.  Prism has not met its heavy burden. See U.S. Fire Ins. Co. v. Kelman Bottles, 538 Fed.Appx. 175, 183 (3d Cir. 2013) (citing Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir.1989)) (finding defendant did not establish prejudice because defendant did not identify any specific depositions or evidence that it would need to defend claim).

Plaintiffs' motion relies mainly on the lack of prejudice to Prism.  While "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment," Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir.1978), prejudice is not the end of the analysis.  Heyl, 663 F.2d at 426 ("In the absence

4

of substantial or undue prejudice, denial instead must be based on … truly undue or unexplained delay, … or futility of amendment.").  Contrary to plaintiffs' contentions, Prism has established that the new counts would be futile.  Further, plaintiffs have not adequately explained why they did not amend earlier.  Therefore, I will not allow plaintiffs to add the new claims for relief.

Since Ms. Rhynes' FMLA claim is time barred, her amendment would be futile.  An amendment is futile if it advances a claim which would not survive a motion to dismiss.  Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.1983).  Ms. Rhynes claims that events leading up to her termination on February 18, 2011 violated the FMLA.  See Dep. of Ms. Connor, Def.'s Resp., Doc. No. 29, Ex. 6.; See also, February 18, 2010 Letter to Ms. Connor, Def.'s Resp. Ex. 5.  The FMLA two year statute of limitations expired on February 18, 2013 at the latest.  29 U.S.C. § 2617(c)(1).  Even if the amendment could relate back to the original complaint which was filed on March 4, 2013, the claim would still be untimely.

Ms. Rhynes avers that her July 7, 2011 EEOC charge placed Prism on notice of her FMLA claim.[2]  Obviously, placing a party on notice of a potential claim does not satisfy the statute of limitations.  Filing a civil action is necessary.  However, to the extent Ms. Rhynes believes that the EEOC charge tolled the statute of limitations, she is mistaken.  See Churchill v. Star Enterprises, 183 F.3d 184, 193 (3d Cir. 1999)(Unlike the

---

[2]  "[Prism's] argument ignores and overlooks the fact that Ms. Rhymes [sic] cross filed charges of discrimination with the EEOC on July 7, 2011, which provided ample timely notice to Prism that Ms. Rhymes [sic] intended to contest the termination of her employment from Prism." Pls.' Reply, Doc. No. 30, 6.  It is not at all clear how an EEOC charge of race discrimination would place anyone on notice of a potential FMLA claim.  But for the sake of argument, I will assume that it did.

FMLA, ADA and Title VII discrimination claims require exhaustion of administrative remedies; therefore, courts are encouraged to grant motions to stay FMLA claims while plaintiffs exhaust EEOC proceedings); Zankel v. Temple Univ., CIV.A. 05-2760, 2006 WL 1083600 (E.D. Pa. Apr. 24, 2006) aff'd, 245 F. App'x 196 (3d Cir. 2007) (EEOC complaint does not toll FMLA). Ms. Rhynes' FMLA claim would not survive a motion to dismiss, and is therefore, futile.

Plaintiffs' proposed Count VI is equally without merit. Here, plaintiffs claim they were discriminated against because of their close association with Ms. Gibson and Ms. Andrews." I agree with Prism that the cause of action "does not raise a claim recognized" by Title VII, § 1981 or the PHRA. Def.'s Resp. 4. These statutes[3] prohibit employment discrimination on the basis of an employee's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1); 43 Pa.C.S. § 953. Nowhere do these statutes authorize a recovery for discrimination based on a plaintiff's close association with a member of the protected class.[4] Rather, plaintiffs' right to be free from discrimination and a hostile work environment is adequately protected by their own membership in a protected class which is claimed under Counts I and III of the complaint.

However, this assumes that Count VI is based on Ms. Gibson's and Ms. Andrews' protected status, but that does not appear to be the case. Rather, the count details an

---

[3] 42 U.S.C. §1981 only prohibits discrimination on the basis race.

[4] Congress is capable of authorizing a civil action for discrimination based on a plaintiff's close association with a member of the protected class. Indeed, the Americans with Disability Act specifically prohibits discrimination based on a "qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or **association**." 42 U.S.C.A. § 12112 (b)(4) (emphasis added). The absence of similar language in Title VII supports a conclusion that no cause of action exists for associating with a protected individual.

elaborate plan by Ms. Bowler to force the terminations of Ms. Hayes and Ms. Rhynes to prevent detection of her embezzlement.  The plaintiffs theorize that since Ms. Bowler feared that Ms. Gibson would discover the theft, Ms. Bowler also suspected plaintiffs because Ms. Gibson hired the plaintiffs.  This implausible plot stretches the facts of Ms. Bowler's admitted crimes beyond all logical inferences.  In any event, this claim is not rooted in anyone's membership in a protected class which is an essential element a plaintiff must plead to survive a motion to dismiss.  This claim is futile.

Since plaintiffs may not add Count VI, they may not include factual allegations regarding Ms. Bowler's embezzlement.  Immaterial and impertinent facts are subject to a motion to strike.  Fed. R. Civ. P. 12(f).  A motion to strike "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  N. Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994) (citations omitted); *See also* 5C Wright & Miller Fed. Prac. & Proc. Civ. § 1382 (3d ed).  The allegations regarding Ms. Bowler's crimes could conceivably support Count VI, but, as more fully set out above, they have no possible relation to plaintiffs' remaining claims of race discrimination and breach of contract.  Indeed, the facts actually weaken plaintiffs' discrimination claims and threaten to confuse the issues.[5]  I also find that the highly

---

[5] The burden shifting McDonnell Douglas analytical framework applies to each of plaintiff's claims under Title VII, Section 1981 and the Pennsylvania Human Relations Act (PHRA).  411 U.S. 792 (1973); Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999).  Assuming that plaintiff can establish an inference of discrimination, the burden shifts to defendant to proffer a non-discriminatory reason for the adverse employment action.  Although firing an employee to cover up a supervisor's theft could be considered reprehensible, it would appear to be a non-discriminatory reason.

scandalous nature of the allegations would likely prejudice a jury against Prism.  As a result, the factual allegations are vulnerable to a motion to strike and are futile.

While futility is reason enough to disallow the above changes, I also find that the amended complaint is unduly delayed.  Delay in amendment becomes "undue" when it places an unfair burden on the opposing party.  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir.2001) (citing Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir.1984)).  "The question of undue delay … requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier."  Adams, 739 F.2d at 868.  Therefore, plaintiffs should offer a "colorable excuse" for the delay.  Arthur v. Maersk, Inc., 434 F.3d 196, 205 n.11 (3d Cir. 2006) (citing Adams, 739 F.2d at 867-8).

As plaintiffs waited until the eve of the discovery deadline to file this motion, they should offer a reason why they did not amend the complaint earlier.[6]  Ordinarily, I would allow a late amendment to conform to evidence which defendant produced in discovery.  See U.S. Fire Ins. Co. v. Kelman Bottles, 538 Fed.Appx. 175, 183 (citing Adams, 739 F.2d at 868) (plaintiff did not discover facts supporting bad faith claim until defense designee deposition; therefore, delay was not undue).  However, this is not plaintiffs' explanation, and the distinction is important.[7]

---

[6] Plaintiff's moved for leave to amend 50 weeks after filing the complaint.  A delay of nearly one year is not per se undue.  However, I also take into consideration that plaintiffs filed their EEOC charge on July 10, 2010.  Thus, this has been an active controversy for nearly four years.

[7] Plaintiffs apparently do not appreciate the distinction.  The cases which plaintiffs cite involve plaintiffs amending their complaints after defendants produce evidence in discovery.  Werner v. Werner, 267 F.3d 288, 297 (3rd Cir. 2001) (plaintiffs granted leave to amend during pendency of appeal because plaintiffs obtained defendant's meeting minutes after district court dismissed the complaint); ScanSource, Inc. v. Datavision-Prologix, Inc., CIV A 04-4271, 2009 WL 973497 (E.D. Pa. Apr. 8, 2009) (amendment allowed to conform to evidence produced by defendant in discovery in aid of execution).  Two other claimed sources of authority completely miss the mark as they deal with

Plaintiffs seem to think they can amend the complaint at this late date to conform to their own deposition testimonies, but I disagree. [8]  Plaintiffs have had full knowledge of the facts supporting the new claims since 2010.  The fact that plaintiffs' counsel did not apprise himself of this information until he prepared the plaintiffs for their depositions in 2014 is not an acceptable excuse for the delay.  *See* Goow v. Wittig, 13-1966, 2014 WL 842995 (3d Cir. Mar. 5, 2014) (affirming denial of amendment when plaintiff was aware of his claims in 2010 but did not move for leave to amend until 2013 without adequate justification for delay).  I am also unpersuaded that the delay should be excused so plaintiffs may "strengthen the factual foundation" for the claims in the face of an inevitable motion for summary judgment.  *See* Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001) (plaintiff could not explain why it waited until faced with a motion for summary judgment to add a claim for promissory estoppel which plaintiff could have asserted in the original complaint "if it had prepared for this litigation with appropriate foresight"); Pls.' Mot., Doc. No 42-2, 10.

Otherwise, Prism does not oppose plaintiffs' amendments and I will allow the rest of the changes.  Plaintiffs may remove allegations regarding Ms. Andrews and Mr.

---

amendments before the pleadings close.  W. Run Student Housing Associates, LLC v. Huntington Nat. Bank, 712 F.3d 165 (3d Cir. 2013) (in response to a motion to dismiss, plaintiff may amend complaint to correct factual mistakes); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 204) ("[A] complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

[8] Specifically, the reply avers, "the delay arose because it was in the course of consulting with Ms. Rhynes in preparation for her deposition based on the documents that had been produced in the course of discovery that plaintiffs developed both the facts and legal theories that support the claims advanced in the Second Amended complaint."  Pls.' Reply 4.

Murray.[9]  Additionally, Ms. Rhynes may refine her claim for breach of contract.  Finally, I note that plaintiffs delete the jury demand from the complaint.  I cannot determine if this is intentional or inadvertent.  The parties are free to waive a jury trial and may certainly submit a signed stipulation if that is their intent.

## V.    CONCLUSION

For the foregoing reasons, I will grant plaintiffs' motion for leave to amend in part.  Plaintiffs may remove all allegations relating to Ms. Andrews' and Mr. Murray's claims.  Ms. Rhynes may also revise her claim for breach of contract.  The motion is otherwise denied.  Plaintiffs may file an amended complaint within 14 days.

---

[9] Prism complains that Mr. Murray should have been removed from the complaint long ago and reserves the right to seek sanctions fees and costs of the defending the suit against Mr. Murray.  I see no need to address this issue at this time.